CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 17 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARVIN JACKSON, | ) | CASE NO. 7:11CV00140 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| JEFFERY DILLMAN, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Marvin Jackson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at the Green Rock Correctional Center interfered with his ability to pursue his criminal appeal and to bring a civil action, in violation of his constitutional rights. The court finds that Jackson's allegations fail to state any claim actionable under § 1983 and dismisses the cause of action accordingly.

I

Jackson alleges the following sequence of events from which his claims arise. In April 2010, Pennsylvania authorities transferred Jackson to Green Rock while he was pursuing his pro se direct appeal in the Superior Court of Pennsylvania. He immediately asked to use the law library at Green Rock to work on appeal-related briefs, but was not allowed use of the library for a month. After that, he had to write requests and wait for at least a week for a response each time. In the "law clinic," he found that only one computer was available for 17-20 inmates and only one computer had access to Pennsylvania law. Jackson also requested transfer back to Pennsylvania without success.[1]

---

[1] The court notes that inmates have no constitutional right to be housed in any particular prison. Meachum v. Fano, 427 U.S. 215, 223-224 (1976).

Jackson asserts that on September 13, 2010, he "filed response to Superior Court of PA as documented and verified by law library personnel." Green Rock mailroom personnel, however, did not actually post Jackson's mail until September 29, 2010. Jackson filed prison grievances and appeals about the delays in library access and in posting legal mail, but complains that officials did not follow grievance policies. He also asserts that officials either falsely stated in grievance responses that the prison's outgoing legal mail logbook did not show any legal mail activity on September 13 or 15, 2010, or that they fraudulently changed the logbook. Jackson submits what he purports to be a Postage Cash Withdrawal request for the mailing of his appeal brief, date stamped by the mailroom as paid on September 15, 2010.

Jackson also complains about problems he had obtaining an inmate account report from the trust officer in order to file a civil rights action. He alleges that one set of account report forms sent to that office was discarded because Jackson named the warden as a defendant.

Based on these facts, Jackson sues Green Rock Superintendant Jeffery Dillman and several John Doe defendants, alleging that they violated his constitutional right to access the courts by:[2] (1) implementing the "one computer system"; (2) having limited and inadequate legal research materials; (3) maintaining a scheduling system that delayed Jackson's access to legal materials; (4) holding Jackson's legal mail for two weeks; and (5) interfering with his utilization of the grievance procedures. Jackson claims that defendants' actions caused his appeal to be dismissed as untimely filed. He also asserts various state law violations: obstruction of grievance procedures; fraud; falsifying reports related to the investigation of Jackson's grievance about the holding of his legal mail; negligence, and infliction of emotional distress.

---

[2] Jackson also alleges that the defendants violated his due process rights and his First Amendment rights to "Free Speech and Equal Protection of laws and institutional policies," and the Eighth Amendment. Jackson does not explain, and the court does not find, any manner in which the facts alleged in his complaint implicate his rights under any of these constitutional provisions.

The court filed Jackson's § 1983 complaint conditionally and advised him that it failed to state a claim unless he provided specific facts concerning what claims or pleadings he was unable to prepare because of defendants' alleged interference with his access to courts, why any unpresented claims or pleadings were likely to succeed, or specifically how defendants' conduct hindered his ability to prepare such claims or pleadings. Jackson responded, asserting that Dillman and mailroom personnel acted under a common plan to knowingly delay his legal mail for two weeks. He asserts that in a grievance response in early November 2010, officials indicated that the delay of his mail in September 2010 had violated prison policy requiring that mail delivered to prison officials be posted within 48 hours.

## II

Inmates have a guaranteed right to reasonable access to both state and federal courts and to communication with attorneys. Ex parte Hull, 312 U.S. 456 (1941); Procunier v. Martinez, 416 U.S. 396 (1974). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" and other materials necessary to meaningful pursuit of litigation. Bounds v. Smith, 430 U.S. 817, 828 (1977).

Where an inmate has had access to court and to his attorney, but alleges denial of specific materials or services related to his preparation of legal pleadings, the inmate must show that denial of the item or service resulted in specific harm to his litigation of a nonfrivolous claim. Lewis v. Casey, 518 U.S. 343, 352-53 (1996). The fact that an inmate may not be able to litigate as he wishes once a known claim is brought before the court is not sufficient to demonstrate the actual injury element of an access to courts claim. Id. at 354. Moreover, state officials cannot be

held liable under §1983 for negligent actions which interfere with an inmate's litigation efforts. Pink v. Lester, 52 F.3d 73 (4th Cir. 1995), citing Daniels v. Williams, 474 U.S. 327 (1986).

Jackson's allegations are not sufficient to support a plausible claim that defendants' actions deprived him of the right to access the courts. First, Jackson fails to allege facts indicating that any of the alleged deficiencies in the prison law library caused any specific injury to his ability to prepare court documents for filing. He does not demonstrate that the court would have refused to consider a handwritten pleading, and he offers no indication that the issues he sought to research were critical to consideration of any particular meritorious claim in his appeal. Jackson's constitutional rights were not violated merely because he was not able to research issues as thoroughly as he would have liked or because he decided to prepare a lengthy, typed response in support of his appellate claims instead of submitting a shorter, handwritten pleading.

Second, Jackson states no facts from which a reasonable fact finder could determine that prison officials held his mail with specific intent to deprive him of the right to file a timely appeal. Jackson's bald assertion that officials planned the delay is thus an unsupported conclusion. Similarly, the mere fact that the handling of his mail and the resultant delay violated prison policies does not prove that the delay was intentional, and a negligent mail delay does not give rise to any constitutional claim of denial of access.[3]

Third, although the court granted him opportunity to amend on this issue, Jackson does not allege any facts on which he could prove that the delay in posting the September 2010 package caused his appeal to be dismissed. Indeed, he states that his appeal was already pending

---

[3] For a different reason, Jackson's claims that prison officials violated prison mail regulations and other state law provisions do not state any actionable § 1983 claim. Section 1983 was intended to protect only federal rights guaranteed by federal law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's claims under state law or prison regulations are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice accordingly.

when he first arrived at Green Rock in April 2010. Yet, he waited nearly five months to submit materials to the Pennsylvania court. Green Rock officials' mail handling cannot be blamed for the dismissal of the appeal, when he himself decided to wait so long to place the response in the mail in the first place.

In a similar vein, Jackson fails to allege facts on which he could demonstrate that the delays in obtaining his inmate account report information caused anything more than minor inconvenience in his civil litigation efforts. Moreover, he does not demonstrate that he had any viable civil rights claims that he wished to pursue, nor does he provide any indication that delay of the account report prevented him from litigating such claims.

Finally, Jackson's complaints about the prison grievance procedures and investigations do not give rise to any constitutional claim. Because an inmate does not have a constitutionally protected right to a grievance procedure in the first place, Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), prison officials' actions under the grievance procedure do not deprive that inmate of any constitutional right.

For the reasons stated, the court concludes that Jackson's allegations as amended are insufficient to state any constitutional claim. Therefore, the court dismisses Jackson's complaint without prejudice, pursuant to § 1915A(b)(1). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of May, 2011.

_____
Chief United States District Judge

5